UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00319-JMS-MJD |
| | ) | |
| RONALD BONILLA, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On May 17, 2023, the parties appeared for a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on October 4, 2022. [Dkt. 58.] Defendant appeared in person and by FCD counsel Gwendolyn Beitz. Government represented by AUSA Lawrence Hilton. USPO represented by Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Bonilla of his rights and ensured he had a copy of the Petition. Defendant orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Bonilla admitted violation nos. 1, 2, and 3 as set forth in the Petition.

3. The allegations to which Defendant admitted, as fully set forth in the Petition are:

| **Violation No.** | **Nature of Noncompliance** |
|---|---|
| 1 | **"You shall refrain from any unlawful use of a controlled substance."** |
| | On July 20, 2022, Mr. Bonilla submitted a urine sample which tested positive for amphetamines. He admitted using methamphetamine a few days prior to the collection. On August 30, and 31, 2022, Mr. Bonilla submitted urine samples which tested positive for amphetamines. On September 9, 2022, the probation officer found the offender at his residence and he admitted using methamphetamine daily. |

        As previously reported to the Court, Mr. Bonilla submitted urine samples which tested positive for amphetamines and cocaine on July 15, 2022, and amphetamines on June 28, 2022. He admitted using the substances.

2    **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. "**

        On July 6, 2022, Mr. Bonilla was referred to drug treatment for substance abuse at Cornerstone and was required to attend sessions twice each month. According to his drug treatment therapist, Mr. Bonilla last attended a session on August 31, 2022, and has attended no other sessions since. In late July 2022, his drug treatment clinician and probation officer both were in agreement Mr. Bonilla needed to be in an intensive inpatient drug treatment program. The offender claimed he was in the process of going to Fairbanks for intensive drug treatment; however, on September 27, 2022, the probation officer confirmed he was not in treatment at Fairbanks.

3    **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."**

        On September 9, 2022, the probation officer found Mr. Bonilla at his residence and high on methamphetamine. Since this date, the probation officer has tried to call, text, and visit him at his residence. A non-compliance letter was sent to him with a response required by October 3, 2022. Mr. Bonilla did not respond. As noted-above, multiple attempts, both in person and via phone/text, have been made to reach him with no success. His current whereabouts is unknown.

4.    The Court finds that:

    (a)    The highest grade of violation is a Grade B violation.

    (b)    Defendant's criminal history category is III.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The parties jointly recommended a sentence of 10 months incarceration, with no supervised release to follow. In addition, Defendant requested placement at an appropriate facility nearest to central Indiana.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in in violation nos. 1, 2, and 3 of the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of ten (10) months, with no supervised release to follow. The Magistrate Judge further recommends Defendant's placement by the Bureau of Prisons at an appropriate facility nearest to central Indiana.

The Defendant is to remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties on the record waived the fourteen-day period to object to this Report and Recommendation.

Dated: 18 MAY 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system

Electronic Notice to USMS-C

Electronic Notice to USPO